UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ARIAS-MALDONADO, <br> Plaintiff, <br> v. <br> SUPERIOR COURT, COUNTY OF SANTA CLARA, <br> Defendant. | Case No. 19-cv-01328-EMC <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br><br> Docket Nos. 1, 5, 9, 12, 13 |

## I.     INTRODUCTION

Jaime Arias-Maldonado, an inmate at the Santa Clara County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His initial pleading is now before the Court for review under 28 U.S.C. § 1915A. His miscellaneous motions also are before the Court for review.

## II.     BACKGROUND

This action was opened when Mr. Arias-Maldonado filed a document entitled "Motion To Safeguard Civil Rights Of Pretrial Detainee." Docket No. 1. Mr. Arias-Maldonado later filed a document entitled "Complaint Violation Of Civil Rights – Second Filing Attempt," Docket No. 14, in which he explains that he erroneously sent his original civil rights complaint to the Santa Clara County Superior Court's criminal division and was now making a second attempt to file it in the correct court. *Id.* at 4. He also states that this Court already had a copy of his complaint filed on March 12, 2019, and therefore he did not attach a copy of it to his "Second Filing Attempt." *Id.* The only document he filed on March 12, 2019, is the "Motion To Safeguard Civil Rights Of Pretrial Detainee." Docket No. 1. The Court treats the "Motion To Safeguard Civil Rights Of Pretrial Detainee" as the operative pleading because the "Second Filing Attempt" document

explains an earlier filing error but does not contain any legal claims for relief. Mr. Arias-Maldonado's filings are hardly models of clarity.

Mr. Arias-Maldonado alleges in his "Motion To Safeguard Civil Rights Of Pretrial Detainee" that he is being denied his right to adequately represent himself in criminal proceedings now pending against him in the Santa Clara County Superior Court. Docket No. 1 at 1-2. The details as to how he is being denied his ability to engage in self-representation are confusing.

Mr. Arias-Maldonado alleges that he was arrested and charged with sexual battery of a minor, even though the child said that he was not the perpetrator. He also alleged that the charge was unfairly changed later to lewd or lascivious conduct on a minor, *see* Cal. Penal Code § 288(a). His demurrer to the new charge was overruled by the trial court; the California Court of Appeal and California Supreme Court denied his petitions challenging that ruling. *Id.* at 4.

Mr. Arias-Maldonado further alleges that he is facing a charge of petty theft on "a totally different matter" in the Santa Clara County Superior Court, for which counsel was appointed to represent him. *Id.* Mr. Arias-Maldonado allegedly wanted to represent himself but his desire was not communicated to the court for a hundred days by the jail legal services coordinator, "result[ing] in the virtual denial of the pro se's self-representation" rights and privileges. *Id.* The appointed attorney allegedly did an inadequate job representing Mr. Arias-Maldonado. *Id.*

There allegedly were problems at the preliminary hearing on one of the charges. Mr. Arias-Maldonado's several *pro se* motions have been denied without written comment. *Id.* at 5.

Mr. Arias-Maldonado asks that the lewd-conduct charge be dismissed because of various problems in that case, such as the allegedly unlawful field show-up, the constructive amendment to the charges against him, the unavailability of a magistrate for a probable cause hearing, denial of adequate self-representation privileges, withholding of evidence, and denial of experts needed to aid the defense at trial. *Id.* at 9-10.

In addition to his "Motion To Safeguard Civil Rights Of Pretrial Detainee," Mr. Arias-Maldonado has filed other documents that appear to seek federal court authorization to represent himself in the state court criminal proceedings and for pro per privileges at the jail to make that self-representation more effective. *See* Docket Nos. 8, 9, 10, 12. He also filed a motion to stay

which is difficult to understand; for example, the document alleges that the federal court document entitled "stay injunctive relief," the purpose of which is unclear, but apparently seeks a stay of the state court criminal case. Docket No. 13. The document also alleges that his "*pro se* rights and privileges were terminated by a superior court clerk's order," *id.* at 2, which suggests he was not allowed to proceed *pro per* in his state court criminal proceedings.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Claims Seeking Interference With State Court Criminal Case

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex*

3

*County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Court of State of Cal. For County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).

Here, all three prongs of the abstention test are met. First, the state criminal proceedings are ongoing in Santa Clara County Superior Court. Second, the criminal prosecution involves important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45). Third, Mr. Arias-Maldonado can present his claims in the state trial and appellate courts.[1] (Not only can Mr. Arias-Maldonado's claims be raised in state court, the state superior court is in a better position to determine whether he satisfies the criteria to be allowed to represent himself and to determine what special accommodations need to be provided in the local county jail for a self-represented criminal defendant.)

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, Mr. Arias-Maldonado does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with California's criminal justice system. *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds *Younger* abstention appropriate, the court may not retain jurisdiction and should

---

[1] A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). That requirement is satisfied because the relief sought by Mr. Arias-Maldonado – dismissal of a state criminal charge – plainly would interfere with the state criminal case in a way that *Younger* disapproves.

4

dismiss the action).

Mr. Arias-Maldonado's "Motion To Safeguard Civil Rights Of Pretrial Detainee" calls upon this Court to get very involved with the state court criminal proceedings against him. He wants this Court to dismiss the lewd conduct charge and to allow him to represent himself in a state court criminal case. This is just the sort of interference with state court criminal proceedings that the *Younger* abstention doctrine seeks to prevent. Nothing in Mr. Arias-Maldonado's pleading suggests there are extraordinary circumstances requiring this court's interference in the state court criminal proceedings against him. *Younger* abstention thus requires the dismissal of his claims seeking interference in the state court criminal proceedings against him.

B.  Access To The Courts

Mr. Arias-Maldonado also wants this Court to require jail officials to provide pro per privileges to him so that he can better represent himself in the state court criminal case and in federal court. It may be that *Younger* abstention would bar some part or all of such claims, but that cannot be determined at this time due to the limited information now before the Court. Leave to amend will be granted so that Mr. Arias-Maldonado can attempt to allege one or more claims for denial of access to the courts.

Inmates have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). The Ninth Circuit has "traditionally differentiated between two types of access to court claims: those involving prisoners' right[s] to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir.2011) (emphasis in source), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

To allege a claim for denial of access to the courts of the first sort (i.e., denial of affirmative *assistance*), a plaintiff must allege facts showing that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. at 350-51. To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed

5

for failure to satisfy some technical requirement of which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. *See id.* at 351.

To allege a claim for a violation of the right to litigate without active *interference*, the plaintiff must identify the interference and allege that he has suffered an actual injury, such as the dismissal of his pending action. *See Silva*, 658 F.3d at 1103–04. Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The underlying cause of action must be described by allegations in the complaint sufficient to give fair notice to a defendant, *id.* at 416, and to the court in a prisoner action that must be screened under 28 U.S.C. § 1915A.

The "Motion To Safeguard Civil Rights Of Pretrial Detainee" does not state a claim for denial of access to the courts against any defendant. Mr. Arias-Maldonado does not identify the specific "privileges" that he needed and was denied, nor does he allege how the failure to provide those privileges caused an actual injury to him. Leave to amend is granted so that Mr. Arias-Maldonado may attempt to allege facts, if he has them, that plausibly show that defendants violated his right of access to the courts. For each claim of denial of access to the courts or denial of the right to litigate without interference, he must allege enough facts to state a claim that is plausible on its face. If he contends that there have been several violations of his right to access the courts, Mr. Arias-Maldonado must allege each one separately.

Mr. Arias-Maldonado also must link one or more defendants to any access to the courts claim. He must identify each defendant who he proposes to hold liable on each claim and allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (damages liability may be imposed on individual defendant under § 1983 only if plaintiff can show that

6

1  defendant proximately caused deprivation of federally protected right). If he wants to sue a

2  supervisor, he must allege facts showing (1) personal involvement in the constitutional deprivation

3  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

4  constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

5  If he wants to sue a municipality, he needs to be aware of certain limitations. There is no

6  respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible

7  for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of

8  Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139,

9  1144 (9th Cir. 2012). Local governments, such as the County of Santa Clara, are "persons"

10 subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional

11 tort. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal

12 liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the

13 plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had

14 a policy, [custom or practice]; (3) that this policy amounts to deliberate indifference to the

15 plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional

16 violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)

17 (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead

18 sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the

19 defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is

20 entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not

21 sufficient to merely allege that a policy, custom or practice existed or that individual officers'

22 wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68.

### IV. CONCLUSION

24 For the foregoing reasons, the initial pleading, i.e., the "Motion To Safeguard Civil Rights

25 Of Pretrial Detainee," is dismissed because some claims are barred by *Younger* abstention and the

26 document does not otherwise state a claim upon which relief may be granted. Leave to amend is

27 granted so that Mr. Arias-Maldonado may file a complaint using this Court's civil rights complaint

28 form to attempt to allege any claims that are not precluded by the *Younger* abstention doctrine

discussed in this order. The complaint must be filed no later than **October 4, 2019**, and must include the caption and civil case number used in this order. Failure to file the complaint on the Court's civil rights complaint form by the deadline will result in the dismissal of the action.

The "petition in propria persona status" (Docket Nos. 8, 9), the requests for self-representation (Docket Nos. 10, 12), and the motion to stay (Docket No. 13) are **DENIED** because they all improperly seek to have this Court interfere with the ongoing state court criminal case.

**IT IS SO ORDERED**.

Dated: September 4, 2019

_____
EDWARD M. CHEN
United States District Judge