1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 JAIME ARIAS-MALDONADO,                     Case No. 19-cv-01328-EMC

8            Plaintiff,

9        v.                                  **ORDER OF DISMISSAL WITH
                                             FURTHER LEAVE TO AMEND**
10 SUPERIOR COURT, COUNTY OF                 Docket No. 17-1
   SANTA CLARA,
11
             Defendant.
12

13

14        Jaime Arias-Maldonado, formerly an inmate at the Santa Clara County Jail, commenced

15 this *pro se* civil rights action under 42 U.S.C. § 1983 by filing a "motion to safeguard civil rights

16 of pretrial detainee," Docket No. 1, and other miscellaneous documents.

17        The Court conducted an initial screening under 28 U.S.C. § 1915A, and dismissed the

18 pleading with leave to amend. Docket No. 16. The Court explained that Mr. Arias-Maldonado's

19 several filings were difficult to understand but focused on criminal charges pending against Mr.

20 Arias-Maldonado and appeared to seek federal court authorization to represent himself in state

21 court criminal proceedings and for *pro per* privileges at the jail. *Id.* at 2-3. The Court determined

22 that the *Younger* abstention doctrine required the dismissal of Mr. Arias-Maldonado's claims

23 seeking interference in the state court criminal proceedings against him. *Id.* at 4-5 (citing *Younger*

24 *v. Harris*, 401 U.S. 37 (1971)). The Court permitted Mr. Arias-Maldonado to file an amended

25 complaint to attempt to allege a claim for a denial of the constitutional right of access to the

26 courts. *Id.* at 5.

27        Mr. Arias-Maldonado filed an amended complaint that again pertains mostly to his efforts

28 to obtain *pro per* status and his representation in his state court criminal cases. Although those

1   general subject matters can be understood from the amended complaint, the allegations are too

2   confused for this Court to determine that a claim is stated against any defendant for a violation of

3   Mr. Arias-Maldonado's federal constitutional rights.  Leave to amend will be granted so that Mr.

4   Arias-Maldonado may file a second amended complaint to attempt to allege his claims in a more

5   coherent manner.

6        As the Court explained in the order of dismissal with leave to amend:

7           Inmates have a constitutional right of access to the courts.  *See*
*Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The Ninth Circuit has

8   "traditionally differentiated between two types of access to court
claims: those involving prisoners' right[s] to affirmative *assistance*

9   and those involving prisoners' rights to litigate without active
*interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th

10  Cir.2011) (emphasis in source), *overruled on other grounds as*
*stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

11

12  To allege a claim for denial of access to the courts of the first sort
(i.e., denial of affirmative *assistance*), a plaintiff must allege facts
showing that there was an inadequacy in the prison's legal access

13  program that caused him an actual injury. *See Lewis v. Casey*, 518
U.S. at 350-51.  To prove an actual injury, the prisoner must show

14  that the inadequacy hindered him in presenting a non-frivolous
claim concerning his conviction or conditions of confinement. *See*

15  *id*. at 355.  Examples of impermissible hindrances include: a
prisoner whose complaint was dismissed for failure to satisfy some

16  technical requirement of which, because of deficiencies in the
prison's legal assistance facilities, he could not have known; and a

17  prisoner who had "suffered arguably actionable harm" that he
wished to bring to the attention of the court, but was so stymied by

18  the inadequacies of the prison's services that he was unable even to
file a complaint. *See id*. at 351.

19

20  To allege a claim for a violation of the right to litigate without active
*interference*, the plaintiff must identify the interference and allege
that he has suffered an actual injury, such as the dismissal of his

21  pending action. *See Silva*, 658 F.3d at 1103–04.  Additionally, the
"underlying cause of action, whether anticipated or lost, is an

22  element that must be described in the complaint, just as much as
allegations must describe the official acts frustrating the litigation."

23  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  The underlying
cause of action must be described by allegations in the complaint

24  sufficient to give fair notice to a defendant, *id.* at 416, and to the
court in a prisoner action that must be screened under 28 U.S.C. §

25  1915A.

26  Docket No. 16 at 5-6.

27       A § 1983 claim for a denial of, or interference with, the right to self-representation

28  recognized in *Faretta v. California*, 422 U.S. 806 (1975), may exist. *See Taylor v. List*, 880 F.2d

1    1040, 1047 (9th Cir. 1989).  In *Taylor,* the Ninth Circuit stated that the *Faretta* right included a

2    "right of access to law books, witnesses, and other tools necessary to prepare a defense," *id.*, but

3    the Supreme Court later cast doubt on the existence of a claim of interference with one's self-

4    representation right when it held that "*Faretta* says nothing about any specific legal aid that the

5    State owes a *pro se* criminal defendant," and does not clearly establish a right of access to a law

6    library,  *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005).  Assuming arguendo that a § 1983 claim

7    may exist based on an interference with a criminal defendant's *Faretta* right, a plaintiff must

8    allege how he was harmed by any interference with the *Faretta* right.  *See generally Taylor*, 880

9    F.2d at 1049; *see, e.g., id.* (only damages would be available for the denial of the right to

10   meaningful self-representation if claim was proven because the harm resulting from the asserted

11   denial of the right to meaningful self-representation "has been substantially remedied" by the

12   reversal of the conviction).

13          For both a denial-of-access-to-the-courts and any *Faretta* claim, a plaintiff must allege the

14   particular ways in which the defendants interfered with the right *and* how the plaintiff was

15   harmed.  Mr. Arias-Maldonado's amended complaint does not contain that information.  Part of

16   the problem is that Mr. Arias-Maldonado heavily emphasizes the failure to follow local jail rules

17   and state court protocols for *pro per* litigants.  But the failure to follow jail and state court rules

18   are largely irrelevant to the federal constitutional analysis, as the federal right does not depend on

19   what the state court requires or the county jail provides for a pro per litigant.  For example, Mr.

20   Maldonado mentions some sort of requirement for a 28-day period prior to termination of pro per

21   status and a right to a hearing upon request regarding that termination, *see* Docket No. 17-1 at 9,

22   but those are not federal constitutional requirements.  In his second amended complaint, Mr.

23   Arias-Maldonado must specifically describe what each defendant did to violate his federal

24   constitutional rights and the resulting harm.[1]

25   _____

26   [1] The status of his criminal cases also may present obstacles to a § 1983 action.

27          Mr. Arias-Maldonado reports that he was found not guilty in one of his cases, *see* Docket
     No. 18, so it is not clear what the actual harm would have been with respect to that criminal case.

28          He does not allege the status of his other criminal case, but must do so in his second

3

1    The amended complaint also has numerous conclusory and confusing allegations that

2  further impede the Court's ability to determine that a claim is stated.  For example, Mr. Arias-

3  Maldonado alleges that a San Jose police officer and detective "nearly unchallenged, impartially

4  testified and knowingly withheld material evidence to Arias-Maldonado' prejudice."  Docket No.

5  17-1 at 23.  The allegation that the police "withheld material evidence" is a conclusory allegation

6  that alone is insufficient; Mr. Arias-Maldonado needs to allege facts to explain what that evidence

7  consisted of so that it can be determined whether it was actually material.  The quoted allegation

8  appears to be self-contradictory as it alleges the police testified impartially and did something

9  wrong (i.e., withheld material evidence).  Mr. Arias-Maldonado must strive in his next pleading to

10 be much clearer in meaning.

11    Leave to amend is granted so that Mr. Arias-Maldonado may file a second amended

12 complaint to attempt to allege facts, if he has them, that plausibly show that defendants violated

13 his right of access to the courts and his *Faretta* right.  For each claim of denial of access to the

14 courts or interference with the *Faretta* right to self-representation, he must allege enough facts to

15 state a claim that is plausible on its face.  If he contends that there have been several violations of

16 his federal constitutional rights, Mr. Arias-Maldonado must allege each one separately.  Mr. Arias-

17 Maldonado also must link one or more defendants to any access to the courts claim, as explained

18 in the order of dismissal with leave to amend.  *See* Docket No. 16 at 6-7.

19

20 amended complaint.  If that case is still pending or resulted in a conviction that has not been
   overturned, Mr. Arias-Maldonado's claims might be precluded by the *Heck* rule.  In *Heck v.*
21 *Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff cannot bring a
   civil rights action for damages for a wrongful conviction or imprisonment, or for other harm
22 caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that
   conviction or sentence or other decision already has been determined to be wrongful.  *See Heck v.*
23 *Humphrey*, 512 U.S. 477, 486-87 (1994).  A conviction or sentence may be determined to be
   wrongful by, for example, being reversed on appeal or being set aside when a state or federal court
24 issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an
   action that--even if it does not directly challenge the conviction or other decision--would imply
25 that the conviction or other decision was invalid.  The practical importance of the *Heck* rule is that
   plaintiffs cannot attack their convictions or sentences in a civil rights action for damages and
26 instead must have successfully attacked the decision before filing the civil rights action for
   damages.  The *Heck* rule requires dismissal of a case where the conviction has occurred.  When
27 the action is brought by a pretrial detainee and the criminal proceedings are still pending, the
   action will be stayed rather than dismissed if it would, if successful, "impugn an anticipated future
28 conviction."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

4

United States District Court
Northern District of California

1        For the foregoing reasons, the amended complaint is dismissed because it does not state a

2    claim upon which relief may be granted.  Further leave to amend is granted so that Mr. Arias-

3    Maldonado may file a second amended complaint.  The second amended complaint must be filed

4    no later than **March 13, 2020**, and must include the caption and civil case number used in this

5    order.  Failure to file the second amended complaint by the deadline will result in the dismissal of

6    the action.

7

8        **IT IS SO ORDERED**.

9

10    Dated: February 10, 2020

11

12

13                              EDWARD M. CHEN
                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5