UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ARIAS-MALDONADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT, COUNTY OF SANTA CLARA,<br><br>　　　　Defendant. | Case No. 19-cv-01328-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 20 |

　　　Jaime Arias-Maldonado, formerly an inmate at the Santa Clara County Jail, commenced this *pro se* civil rights action under 42 U.S.C. § 1983 by filing a "motion to safeguard civil rights of pretrial detainee," Docket No. 1, and other miscellaneous documents.

　　　The Court conducted an initial screening under 28 U.S.C. § 1915A and dismissed the pleading with leave to amend. Docket No. 16. The Court explained that Mr. Arias-Maldonado's several filings were difficult to understand but focused on criminal charges pending against Mr. Arias-Maldonado and appeared to seek federal court authorization to represent himself in state court criminal proceedings and for *pro per* privileges at the jail. *Id.* at 2-3. The Court determined that the *Younger* abstention doctrine required the dismissal of Mr. Arias-Maldonado's claims seeking interference in the state court criminal proceedings against him. *Id.* at 4-5 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Court permitted Mr. Arias-Maldonado to file an amended complaint to attempt to allege a claim for a denial of the constitutional right of access to the courts. *Id.* at 5. The Court identified the elements of a claim for a denial of the constitutional right of access to the court, including the need for a plaintiff to show an actual injury.

　　　Mr. Arias-Maldonado filed an amended complaint (Docket No. 17) that again had confused allegations that pertained mostly to his efforts to obtain *pro per* status and his representation in his state court criminal cases. The Court dismissed the amended complaint and

1  permitted Mr. Arias-Maldonado to file a second amended complaint to attempt to allege his claims
2  in a more coherent manner.  The Court once again identified the elements of a claim for a denial of
3  the constitutional right of access to the court and highlighted the need for a plaintiff to allege an
4  actual injury:

> Inmates have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The Ninth Circuit has "traditionally differentiated between two types of access to court claims: those involving prisoners' right[s] to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir.2011) (emphasis in source), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).
>
> To allege a claim for denial of access to the courts of the first sort (i.e., denial of affirmative *assistance*), a plaintiff must allege facts showing that there was an inadequacy in the prison's legal access program that caused him an actual injury.  *See Lewis v. Casey*, 518 U.S. at 350-51.  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  *See id*. at 355.  Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement of which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint.  *See id*. at 351.
>
> To allege a claim for a violation of the right to litigate without active *interference*, the plaintiff must identify the interference and allege that he has suffered an actual injury, such as the dismissal of his pending action.  *See Silva*, 658 F.3d at 1103–04.  Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  The underlying cause of action must be described by allegations in the complaint sufficient to give fair notice to a defendant, *id.* at 416, and to the court in a prisoner action that must be screened under 28 U.S.C. § 1915A.

Docket No. 19 at 2 (quoting Docket No. 16 at 5-6).  The Court also explained that it was unclear whether a § 1983 claim could exist for interference with the right to self-representation recognized in *Faretta v. California*, 422 U.S. 806 (1975), but noted that a plaintiff would have to at least allege how he was harmed by any claimed interference with the *Faretta* right.  Docket No. 19 at 2-3.

1    Mr. Arias-Maldonado then filed a second amended petition for relief that is now before the
2 Court for consideration. Docket No. 20. Mr. Arias-Maldonado alleges that he was detained for
3 nearly 40 months until his acquittal in December 2019, and that bail and own-recognizance release
4 were denied. *Id.* at 1. He also alleges that, due to a misunderstanding at a pretrial hearing, a
5 superior court clerk mistakenly marked Mr. Arias-Maldonado as being represented by counsel and
6 conveyed that incorrect information to persons at the jail, which led to him not being given his full
7 *pro se* privileges.

8    The second amended petition fails to state a claim for denial of access to the courts because
9 no actual injury is alleged, even though the Court has twice informed Mr. Arias-Maldonado of the
10 need to allege an actual injury for such a claim. Mr. Arias-Maldonado alleges no facts that any
11 defendant's failure to grant him *pro se* privileges or recognize him as self-represented caused the
12 pretrial detention or the superior court's failure to release him on bail or his own recognizance.
13 And he alleges no facts that show an actual injury as a result of the superior court clerk allegedly
14 conveying to the jail that Mr. Arias-Maldonado was represented by counsel (rather than
15 representing himself). Nor does not he allege facts that plausibly show any harm as a result of the
16 clerk's failure to identify him as representing himself; indeed, he states in his second amended
17 petition that he was acquitted in that case. Without any actual injury, the access-to-the-courts
18 claim fails as a matter of law. And without any harm resulting from not being designated as a
19 self-represented criminal defendant, the *Faretta* claim also fails. Further leave to amend will not
20 be granted because it would be futile: the Court has twice informed Mr. Arias-Maldonado of the
21 need to allege facts showing an actual injury and harm from defendants' actions and he has been
22 unable or unwilling to do so.

23    For the foregoing reasons, this action is DISMISSED for failure to state a claim upon
24 which relief may be granted. The clerk shall close the file.

25    **IT IS SO ORDERED**.

26 Dated: April 29, 2020

_____
EDWARD M. CHEN
United States District Judge

3